## INSURANCE INV. CORPORATION v. HARGROVE.

### No. 11286.

Court of Civil Appeals of Texas, San Antonio.

April 21, 1943.

Rehearing Denied May 19, 1943.

Carlton, Martin & Street, of Dallas, for appellant.

J. B. Lewright, of San Antonio, for appellee.

MURRAY, Justice.

We are of the opinion that the judgment herein is not such final judgment as will support an appeal in that it does not dispose of all the issues raised by the pleadings.

An appeal cannot be taken from an interlocutory judgment with but a few exceptions not applicable here. A final judgment which will support an appeal is one that disposes of all issues raised as to all the parties to the suit. Davis v. McCray Refrigerator Sales Corp., 136 Tex. 296, 150 S.W.2d 377.

The purported final judgment found in the transcript contains among other provisions the following:

"It is, therefore, considered by the court, and is here ordered, adjudged and decreed by the court, as follows, to-wit:

"1. * * *

"2. That defendant, Insurance Investment Corporation, is justly indebted to said Mrs. Vera Siler Hargrove, as a part of her separate estate, in the further or additional sum of Fifteen Thousand, Eight Hundred Eighty-five and 60/100 Dollars ($15,885.-60), but that she is not entitled to receive or demand or collect last mentioned sum from said Insurance Investment Corporation unless and until final disposition shall be made by the courts of that certain lawsuit now pending in a District Court of Bexar County, Texas, which suit was instituted in 1941, against Teachers Annuity Life Insurance Company against Santa Fe National Life Insurance Company of Albuquerque, New Mexico;"

This part of the judgment seems to be in the nature of a declaratory judgment which is not authorized in this State. Fine v. Pratt, Tex.Civ.App., 150 S.W.2d 308; Press v. Davis, Tex.Civ.App., 118 S.W.2d 982, modified Quinn v. Press, 135 Tex. 60, 140 S.W.2d 438, 128 A.L.R. 757.

Courts do not sit to decide mere abstract questions of law, but to redress grievances and prevent wrongs. Davis v. First National Bank of Waco, Tex.Civ.App., 145 S.W.2d 707, affirmed 139 Tex. 36, 161 S.W.2d 467.

This part of the judgment relating to a further and additional sum of $15,885.-60 declares simply that the Insurance Investment Corporation is justly indebted to Mrs. Vera Siler Hargrove in that amount, but that under present conditions she is not in a position to receive, demand, or collect the same. The judgment does not dismiss this claim from the suit without prejudice or provide a formula or prescribe a method whereby Mrs. Hargrove may at some future time demand, collect and receive this sum. The judgment simply leaves this issue undisposed of and is therefore interlocutory.

Especially is this true in view of the fact that this sum represents in part the purchase price for 1,000 shares of stock of the Teachers Annuity Life Insurance Company of Texas, which is held by the State Treasurer, and Mrs. Hargrove has been unable up to the time of the trial to secure the release of such stock. It is reasonable to suppose that if the trial judge intended his judgment as a final disposition of this matter he would have made some provision which would not have required the Insurance Investment Corporation to pay for something that Mrs. Hargrove has never been able to deliver.

For the reasons above stated, the appeal will be dismissed at the cost of appellant. The trial court should restore this cause to its trial docket and proceed to a trial and final disposition of the entire cause, including the issue undisposed of by the interlocutory order before us.

Appeal dismissed.