MRS. VERA SILER HARGROVE ET AL V. INSURANCE INVESTMENT CORPORATION.

No. 8148. Decided January 5, 1944.
(176 S. W., 2d Series, 744.)

*J. B. Lewright,* of San Antonio, for petitioners.

It was error for the Court of Civil Appeals to hold that the judgment of the trial court was not such a final judgment as would support this appeal. Sherley v. Sherley, 237 S. W. 645; Keystone Pipe & Supply Co. v. Liberty Refining Co., 260 S. W. 1018; Fawver v. First Texas Joint Stock Land Bank, 115 S. W. (2d) 1217; McFarland v. Hall's Heirs, 17 Texas 676.

*Carlton & Street,* of Dallas, for respondent.

MR. JUDGE SMEDLEY, of the Commission of Appeals, delivered the opinion for the Court.

One question is presented: Was the judgment rendered herein by the district court final for the purposes of an appeal? The Court of Civil Appeals held that the judgment was not final and dismissed the appeal. 171 S. W. (2d) 384.

While there were several preliminary agreements between the parties, the suit is as tried on a contract in the form of a note, with a number of additional provisions, whereby respondent, Insurance Investment Corporation, promised to pay petitioner, Mrs. Hargrove, the total sum of $31,771.20. The note was given in payment for 6,688 shares of stock of Teachers Annuity Life Insurance Company. It is payable in monthly installments, the first of $1,000.00 on March 16, 1942, and subsequent installments of $500.00 each on the 16th day of each month thereafter "until the several sums thus payable and like sums to be held and retained by the maker hereof on account of the pendency of the lawsuit brought by Sante Fe National Life Insurance Company against Teachers Annuity Life Insurance Company, in a district court of Bexar County, Texas, shall total the full amount of the principal sum of this note, to wit, $31,771.20."

The note provides that on the 16th day of each month the maker will credit on its books to Mrs. Hargrove a like amount to the amount payable under the terms of the note and that all amounts so credited shall be retained until final disposition of the suit brought by Sante Fe National Life Insurance Company and shall be applied, but not in execess of $17,500.00, to the payment of one half of the amount of the judgment that may be recovered by the said Santa Fe Insurance Company against Teachers Annuity Life Insurance Company, the remainder of the retained funds to be paid to Mrs. Hargrove. The note further provides for maturity of all unpaid installments, at the holder's option, if any installment becomes delinquent and so remains for thirty days, and it is secured by the pledge of a certificate for 3344 shares of the capital stock of Teachers Annuity Life Insurance Company.

The petition filed by Mrs. Hargrove and her husband, on which the case was tried, alleges the sale by Mrs. Hargrove of the 6,688 shares of stock of Teachers Annuity Life Insurance Company to Insurance Investment Corporation, the execution of

the several preliminary contracts and the execution and provisions of the note for $31,771.20, above described, including the pledge of the certificate for 3,344 shares of stock as security for the note. It alleges default in payment due according to the terms of the note and that the suit by Santa Fe Life Insurance Company against Teachers Annuity Life Insurance Company is still pending and prays judgment for the whole amount owing to plaintiff and for general relief. The supplemental petition, which the trial court at plaintiff's request treated as a trial amendment, alleges further defaults in payments due according to the terms of the note and plaintiff's election to mature the full amount agreed to be paid and prays for judgment for the whole amount evidenced by the note.

The trial answer of respondent, which was defendant in the district court, denies the plaintiff's allegations and prays for judgment cancelling and holding for naught the contracts and instruments described in the petition. As grounds for their cancellation it alleges particularly that Mrs. Hargrove did not own 6,668 shares of the stock of Teachers Annuity Life Insurance Company but owned only 5,688 shares; that the contracts never became effective and the consideration therefor wholly failed because plaintiff verbally agreed that they were not to be effective until she obtained and delivered to defendant one thousand shares of the stock of Teachers Annuity Life Insurance Company then held by the Treasurer of the State of Texas and those shares were never obtained; that the contracts should be cancelled because plaintiff and her husband represented that Teachers Annuity Life Insurance Company was solvent and owned property worth at least $270,000.00, whereas in truth the corporation was insolvent and the value of the property was far less than that represented by plaintiff; and that the contracts should be cancelled because they were never actually delivered to plaintiff but were left with her attorney with the agreement that they would be held by him until plaintiff procured the release of the one thousand shares of stock held by the State Treasurer.

The judgment of the district court, after recitals showing the appearance of the parties, the introduction of evidence and the return of a verdict favorable to the plaintiff, the petitioner, pursuant to peremptory instruction, contains the following paragraph:

"It is, therefore, considered by the court, and is here ordered, adjudged and decreed by the court, as follows, to-wit:

"1. That plaintiff, Mrs. Vera Siler Hargrove do have and recover of and from defendant, Insurance Investment Corporation, as a part of her separate estate, the sum of Fifteen Thousand, Eight Hundred Eighty-five and 60/100 Dollars ($15,885.-60), with six per cent (6%) interest thereon from this date until paid, and for collection of which she may have her execution in terms of the law;

"2. That defendant, Insurance Investment Corporation, is justly indebted to said Mrs. Vera Siler Hargrove, as a part of her separate estate, in the further or additional sum of Fifteen Thousand, Eight Hundred Eighty-five and 60/100 Dollars ($15,885.60), but that she is not entitled to receive or demand or collect last mentioned sum from said Insurance Investment Corporation unless and until final disposition shall be made by the courts or that certain lawsuit now pending in a District Court of Bexar County, Texas, which suit was instituted in 1941, against Teachers Annuity Life Insurance Company against (by) Santa Fe National Life Insurance Company of Albuquerque, New Mexico.

"3. That said Mrs. Vera Siler Hargrove has a valid and subsisting lien on certificate No. 224 of date March 7, 1942, for 3,344 shares of the capital stock of said Teachers Annuity Life Insurance Company of San Antonio, Texas, as security for the payment to her of the several sums of money herein found by the court as owing to her by said Insurance Investment Corporation, and further that her said lien on said certificate for said shares of stock be, and it is hereby, in all things foreclosed and further that said certificate be sold as under execution by the sheriff or any constable of Bexar County, Texas, and that the proceeds of the sale thereof be applied in payment or partial payment of said sum of $15,885.60, with legal interest as aforesaid, herein awarded and granted to said Mrs. Vera Siler Hargrove, as a part of her separate estate, against said Insurance Investment Corporation; and further that if said certificate No. 224 for said 3344 shares of stock shall thus sell for more than said sum of $15,885.60, with 6% interest aforesaid, and all costs of this suit, then and in any such event the surplus of the proceeds of any such sale thereof, over and above said sum of $15,885.60 and the costs of this suit, plus interest aforesaid, shall be by the officer selling said certificate No. 224 deposited in the registry of this court there to remain pending final disposition of said pending suit brought against Teachers Annuity Life Insurance Company by Santa Fe National Life Insurance Company, as aforesaid, following which final disposi-

tion of said pending cause said Mrs. Very Siler Hargrove and said Insurance Investment Corporation shall have the right, either or both, to apply to this court for further order and disposition of any such sum which may thus be deposited in the registry of this court pursuant to this judgment; provided, also, that defendant, Insurance Investment Corporation, shall be given a credit upon the amount found by the Court that it is indebted to the plaintiff, Vera Siler Hargrove, in paragraph 2 aforesaid of this judgment of the Court, for one-half of any amount it may pay upon any final judgment in said suit of Santa Fe National Life Insurance Company of Albuquerque, New Mexico, or one-half of any amount it may pay in any settlement of said suit which may be agreed upon by said Vera Siler Hargrove and said Insurance Investment Corporation."

The Court of Civil Appeals quoted in its opinion paragraph numbered 2, above copied, from the trial court's judgment and held that by reason of that paragraph the judgment left undisposed of the issue as to the Insurance Investment Corporation's indebtedness to Mrs. Hargrove in the additional sum of $15,885.60 and was therefore interlocutory. 171 S. W. (2d) 384.

It is our opinion that the judgment, considered as a whole in the light of the entire record, makes final disposition of all the matters in controversy between the parties, determines all of the issues involved in the suit, and is therefore final for the purpose of appeal, notwithstanding that part of it which defers the collection or enforcement of one-half of the total amount that it adjudges to the plaintiff.

Freeman thus states the general rule:

"The general rule recognized by the courts of the United States and by the courts of most, if not of all, the states is, that no judgment or decree will be regarded as final within the meaning of the statutes in reference to appeals, unless all the issues of law and of fact necessary to be determined were determined, and the case completely disposed of, so far as the court had power to dispose of it." Freeman's Law of Judgments (5th Ed.) Vol. 1, 70, Sec. 5.

Other parts of the text, well supported by authorities, show that the general rule quoted is subject to qualification, or to explanation of the phrase "so far as the court had power to dispose of it." For example, he says:

"Although further proceedings before the master are necessary to carry the decree into effect, yet if all the consequential

directions depending on the result of the proceedings are given in the decree, it is final. A decree is none the less final because some future orders of the court may become necessary to carry it into effect; nor because some independent branch of the case is reversed for further consideration, or the disposition of the costs is not determined. A decree final in other respects is not interlocutory because it directs a taxation of costs; nor because, as in the case of a decree for the sale of mortgaged premises, subsequent proceedings under direction of the court are necessary to execute the decree. A judgment or decree which determines all the equities or the substantial merits of the case is final for purposes of appeal though further proceedings may be necessary in the execution of it or some incidental or dependent matter may still remain to be settled. It is not interluctory because, when the merits of the controversy are adjudicated upon, and the equities of the parties definitely settled, an account is directed to be taken to ascertain what sum is due from the one to the other, as the result of the decision already made by the court. But in all cases where further proceedings are to be taken, or further orders of the court are necessary, the judgment cannot be treated as final, even for the purposes of appeal, unless it determines the issues involved in the action." Vol. 1, pp. 54-56, Sec. 33.

Judge Gallagher's opinion in Ware v. Jones (Com. App.) 250 S. W. 663, 665, contains the following statement of the rule established in this state, with citation of authorities:

"A 'final judgment' is one which awards the judicial consequences which the law attaches to the facts and determines the controversies between the parties over the subject-matter. It terminates the litigation of the parties on the merits of the case so that nothing remains to be done but to execute it according to its terms. Hanks v. Thompson, 5 Tex. 6, 8; West v. Bagby, 12 Tex. 34, 62 Am. Dec. 512; Grant v. Insurance Co., 106 U. S. 429, 430, 431, 1 Sup. Ct. 414, 27 L. Ed. 237; 3 C. J. 441.

"However, if the rights controverted by the parties be settled by the judgment, it will be held final, although further proceedings should be required to carry the judgment into full effect. Such proceedings may be expressly provided for in the face of the judgment without affecting its finality, provided they are merely incidental to its proper execution. Cannon v. Hemphill, 7 Tex. 184, 194; Merle v. Anderson, 4 Tex. 200, 207-211; Redus v. Burnett, 59 Tex. 576, 577, 578, 581; McFarland v. Hall, 17 Tex. 676, 690, 692; Shannon v. Taylor, 16 Tex. 413,

419; Harmon v. Bynum, 40 Tex. 324, 331, 332; White v. Mitchell, 60 Tex. 164; Beene v. National Liquor Co. (Tex. Civ. App.) 189 S. W. 86; Zappettini v. Buckles, 167 Cal. 27, 138 Pac. 696, 698."

See also Gaston v. Boyd, 52 Texas 282; Railroad Commission v. Weld & Neville, 95 Texas 278, 66 S. W. 1095; Keystone Pipe & Supply Co. v. Liberty Refining Co. (Com. App.) 260 S. W. 1018; Graham v. Coolidge, 70 S. W. 231; Graham Refining Co. v. Graham Oil Syndicate, 262 S. W. 142; American Employers' Ins. Co. v. Dallas Joint Stock Land Bank, 170 S. W. (2d) 546.

In Graham v. Coolidge, 70 S. W. 231, the decree determined the amount and status of the claims of all parties, foreclosed the lien securing them, directed the sale of the property and fixed the upset price at which it should be sold. It resersed authority in the court to postpone the sale to a future date and to modify the terms and conditions of the sale. The court held that this reservation did not render the decree interlocutory rather than final because it applied only to remedial matters affecting the method of the execution of the decree and was not intended to destroy the force and effect of the decree as a final adjudication of the rights and interests of the parties.

In Graham Refining Company v. Graham Oil Syndicate, 262 S. W. 142, the judgment was held to be final notwithstanding the fact that it contained a provision that the amount awarded to plaintiff should be paid into the registry of the court to await the determination of a suit pending in the United States District Court.

Discussing the question raised as to the finality of the judgment or order from which the appeal was taken, in Waters-Pierce Oil Company v. State of Texas, 107 Texas 1, 4-5, 106 S. W. 326, the court said:

"It is sometimes the case that there may be more than one appeal in the same case, when orders are made at different times, which finally dispose of the subject matter of that particular order. A familiar instance is a case of partition, wherein there may be a decree which determines the rights of the parties in the property and is a final judgment upon the merits of the case. From this an appeal may be taken, leaving the case before the court for the purpose of actual division of the property among the claimants according to the decree entered. When the partition shall have been made and the decree of partition entered, there is another final judgment or order, from which

an appeal may likewise be taken. White v. Mitchell, 60 Texas, 164; Moor v. Moor (Texas Civ. App.), 63 S. W. 347."

In the partition cases, the reason, or one of the reasons, given for permitting an appeal from the decree specifying the shares or interests of the parties and appointing commissioners to make the actual division, is that by such decree the merits of the case are determined and the rights of the parties concluded, with nothing remaining to be done but the enforcement of the decree by the divison of the property in conformity with rules therein settled. Cannon v. Hemphill, 7 Texas 184, 193-197.

We construe the judgment in the instant case to be the adjudication of an indebtedness in favor of the plaintiff against the defendant in the sum of $15,885.60, the payment of which is presently enforceable, and the adjudication of a further indebtedness in favor of plaintiff against the defendant in a like sum, the enforcement of the payment of which is deferred until the final disposition of the pending suit brought by Santa Fe National Life Insurance Company against Teachers Annuity Life Insurance Company, with provision for crediting to defendant Insurance Investment Corporation, against the said additional or further indebtedness so adjudged in favor of the plaintiff, one-half of the amount that the said defendant may pay upon any final judgment in the said suit of Santa Fe National Life Insurance Company suit. The judgment further provides for the foreclosure of the lien against the pledged certificate of stock which secured payment of both sums adjudged to the plaintiff, for the application of the proceeds of the sale, first in the payment of the amount adjudged in paragraph No. 1, and the depositing of the balance of the proceeds in the registry of the court pending final disposition of the Santa Fe National Life Insurance Company suit, and the parties are given the right to apply to the court for further order and disposition of any sum thus deposited.

All of the provisions last mentioned are for the purpose of carrying the judgment into effect and are incidental to the proper enforcement of the rights of the parties as determined by the judgment. It is true that the amount eventually to be collected by plaintiff from defendant by reason of the additional sum adjudged in paragraph 2 of the judgment remains uncertain, but the same is true of every judgment for foreclosure of a lien with direction for the collection of the unpaid balance of the debt after the application of the proceeds of the sale. The provision for applying against the sum adjudged in paragraph 2 one-half

of what may be paid on account of a judgment in the Santa Fe Life Insurance Company suit does not authorize a change in the amount adjudged. It is for a credit against the judgment, the enforcement of which is withheld until the amount of the credit can be ascertained.

The trial court's judgment makes final disposition of the issues made by the pleadings and of all matters actually in controversy in the suit. As shown by the plaintiff's petition, she elected to mature all of the debt, the total principal sum of $31,771.20, and seeks recovery of all of it, admitting in the detailed allegations of the terms of the contract, and on account of the allegation that the Santa Fe Life Insurance Company suit is still pending, that collection of one-half of the amount sued for must be deferred to await disposition of that suit.

While the defendant's answer contains a general denial, it does not deny the execution of the written contract upon which the suit was brought and the special defenses that it pleads are all directed to the entire contract. It alleges that the entire contract should be cancelled on the various grounds which have been stated. All of the issues thus made were tried and they were determined in the plaintiff's favor when the trial court peremptorily instructed the jury to return a verdict for the plaintiff and render judgment that defendant was indebted to plaintiff in the full amount for which the suit was brought. The record does not disclose any controversy between the parties not finally disposed of by the judgment, the material terms of which have been quoted herein. In our opinion the trial court's judgment decides in favor of the plaintiff the contentions made by the defendant, and mentioned in the opinion of the Court of Civil Appeals, with respect to the 1000 shares of stock alleged to be held by the State Treasurer. We express no opinion as to the correctness of the trial court's judgment. We are concerned here only with its finality.

The judgment of the Court of Civil Appeals dismissing the appeal from the judgment of the trial court is reversed and the cause is remanded to the Court of Civil Appeals for disposition of the points presented by the briefs filed in that court.

Opinion adopted by the Supreme Court January 5, 1944.