Reversed and remanded.

Dr. Edward L. EVANS et al., Appellants,

v.

CITY OF CEDAR HILL et al., Appellees.

No. 15951.

Court of Civil Appeals of Texas.

Dallas.

March 2, 1962.

Bonney, Wade & Morgan, Dallas, for appellants.

Warwick H. Jenkins, Waxahachie, for appellees.

DIXON, Chief Justice.

Appellants, Dr. Edward L. Evans and more than sixty other persons, all owners of property in the City of Cedar Hill, Texas, brought suit against the City and its officials, appellees, to enjoin the City from proceeding further with the collection of ad valorem taxes for the year 1960. Appellants alleged that appellees had pursued a "deliberate, systematic, arbitrary, fraudulent and unlawful plan, scheme and cause of action to impose unequal taxes in violation of Art. 8, § 1 of the Constitution of Texas [Vernon's Ann.St.]".

More particularly, appellants alleged that the valuations of their properties, substantially all of which are "rural farming lands," were vastly increased over the valuation for the preceding year, the increase in some instances being more than 100%, and in every instance being grossly in excess of the actual market value of said lands. Further they alleged that in every instance the valuation for 1960 was disproportionate to the valuation placed on other tracts of land owned by other persons.

Appellants asked for both a permanent and temporary injunction and a day was set for a hearing on the application for the temporary order. Their prayer for injunction was quite broad in its scope. We quote material parts of the prayer:

"* * * that this court issue its most gracious temporary injunction enjoining said defendants and each of them, their agents and successors from taking any steps whatsoever during the pendency of this cause toward the collection of 1960 ad valorem taxes, including but not limited to the assessment of or collection of taxes, penalties or interest, the filing of suits to impose or enforce a tax lien upon the property of the plaintiffs and that such temporary injunction further enjoin said defendants from making any payment for (sic) from incurring any obligation to make any expenditures or payment of any proceeds from any 1960 ad valorem taxes and specifically from the issuance or sale of any bonds for which any portion of the proceeds of 1960 ad valorem taxes is to be used in payment of interest or repayment of principal and specifically from taking any further steps whatever toward the collection of 1960 ad valorem taxes from the plaintiffs herein. Plaintiffs further pray that upon final hearing such injunction be made permanent * * *."

Meantime appellees filed a motion to dismiss appellants' cause of action, and in the alternative, a plea in abatement. As grounds for their pleas appellees alleged that (1) appellants' suit was too late, having been filed "after the 1960 taxes had all been assessed, equalized, officially approved, placed on the tax roll, and a substantial majority of them collected"; (2) the injunction would not maintain, but would disturb the status quo; (3) appellants did not plead a lack of an adequate remedy at law, though they have such a remedy in that Art. 7329, Vernon's Ann.Civ.St. expressly provides that as a defense to a tax suit it may be shown that the taxes sued for are in excess of the limit allowed by law; (4) appellants did not come into court with clean hands since they did not allege or agree to pay any amount of taxes correctly due, but have demanded a 100% cancellation of all their taxes.

Sometime before the hearing appellants tendered into and paid into the treasury of the court sufficient money to pay their assessed taxes. It is to be noted this money was not tendered or paid to the City Tax Collector. It was paid into the treasury of the Court to await the outcome of the litigation.

On January 31, 1961 the Court entered an agreed order for a temporary injunction. Since the interpretation and scope of this agreed order are matters of controversy, we deem it appropriate to quote the material parts of the order:

"Wherefore, it is Ordered, Adjudged and Decreed that the defendants and each of them be enjoined during the pendency of this suit and until the final judgment is herein entered from filing any suit; in any courts against these plaintiffs or any of them arising from claims for 1960 ad valorem taxes other than a cross-action or actions in this suit, but it is specifically ordered that the defendants may jointly and severally file such cross-actions as they may see fit, claiming the funds deposited in the Registry of this Court by the plaintiffs and claiming such liens upon the lands of the plaintiffs which are the subject of this suit, which may be necessary to satisfy any tax liability for the year 1960 against such lands to the extent that such fund paid into the Registry of this Court by the Plaintiffs do not pay such tax liability; all such cross-actions, if any, which shall be filed shall be tried at the same time that the plaintiffs' action herein is tried.

"All other prayers for injunctive relief are denied pending final hearing hereof.

"W. L. Jack Thornton /s/
"JUDGE."

On February 17, 1961 the court entered its order sustaining in part appellees' motion to dismiss. It is from this order that appellants have undertaken the present ap-

peal. Since this document is even more controversial than the other, we quote the order in its entirety:

"On the 31st day of January, 1961, came on to be heard Defendant's Motion to Dismiss Plaintiffs' First Amended Original Petition herein and the Court having heard the arguments of counsel with respect to such motion and having considered the evidence before it and the law on the matter and being of the opinion that under their pleadings in this cause and under the law Plaintiffs are not entitled to any injunctive relief of any nature herein save only that which is specifically recited in the second paragraph of this Court's order of January 31, 1961, entered in this cause relating to Plaintiffs' application for a temporary injunction.

"THEREFORE be it ordered, adjudged and decreed by the Court that Plaintiffs be and they are hereby denied all prayers for injunctive relief, either temporary or permanent in nature, save only those specified in the second paragraph of this Court's order entered in this cause on January 31, 1961 which provides that pending final judgment herein defendants are enjoined from filing any suit in any court against plaintiffs arising from claims for 1960 ad valorem taxes being protested by Plaintiffs other than by cross-action or actions in this cause and Plaintiffs' Petition is hereby dismissed insofar as it seeks injunctive relief in any other respect. The Court reserves further orders on Defendants' Motion to Dismiss but expressly orders that Plaintiffs' rights hereafter shall be limited to their contest of the taxes alleged to be unlawful as to the named Plaintiffs, individually, and Plaintiffs are expressly denied all relief prayed for by them which in any way may hamper defendant City in its normal operation, as in the issuance and sale of any bonds heretofore approved by the qualified voters of the City, and this cause shall in no way involve the right or authority of the defendant City to issue and sell such bonds or incur obligations or make expenditures in the normal operation of its business affairs.

"Rendered and entered the 17th day of February, 1961.

"W. L. Jack Thornton /s/
"Judge Presiding."

On February 27, 1961 appellants filed a motion asking the court to set aside its order of February 17, 1961 dismissing part of their cause of action. For grounds appellants alleged that the order was entered without their knowledge and consent, and without notice to them; that the only evidence heard at the hearing on January 31, 1961 was evidence in regard to their application for temporary injunction; and that the order of February 17, 1961 is an unwarranted modification and enlargement of the agreed order of January 31, 1961, which modification and enlargement was made without a hearing.

On March 3, 1961 appellees filed a written answer to appellants' motion to set aside the order of February 17, 1961. In their answer they alleged that the order was entered after the court had heard evidence and argument both as to appellants' application for temporary injunction and appellees' motion to dismiss and that the court had so informed attorneys during the hearing.

Thereafter the court overruled appellants' motion to set aside the order of February 27, 1961. We quote material parts of this order:

"On this 3rd day of March, 1961, came on to be heard the motion of plaintiffs, Dr. Eward L. Evans, et al. to set aside the Order On Defendants' Motion to Dismiss heretofore entered herein on February 17, 1961, and all parties having had reasonable notice of such motion and hearing and the Court having heard the argument of

counsel thereon and having considered said motion and the answer of defendants, City of Cedar Hill, et al., thereto, and having found that the law and the facts are with the defendants, as shown by the pleadings, the record, and as set forth in the answer of the defendants to plaintiffs' motion, is of the opinion that said motion should be overruled; * * *."

■ Appellees have filed in this Court a motion to dismiss appellants' appeal, the grounds being that the order of February 17, 1961 is neither a final judgment nor an interlocutory order of the kind which is appealable. We believe that appellees are correct and that the appeal should be dismissed.

The court by its order of February 17, 1961 dismissed only part of appellants' cause of action. The temporary injunction of January 31, 1961 was expressly continued in effect. The matters covered by the said temporary injunction were not included in the order of dismissal. Thus unimpaired was the court's order that the right of the City to file tax suits against appellants be limited to the filing of cross-actions in this suit and that appellants' cause of action be limited to their contest of taxes alleged to be unlawful as to the named plaintiffs, appellants here.

The parts of appellants' cause of action which were dismissed relate to their suit for injunction to restrain the City from "taking any steps whatsoever toward collecting 1960 taxes" including other property owners than appellants; and their suit to restrain the City from "making any obligation to make any expenditures or payment of any proceeds from *any* 1960 ad valorem taxes and specifically from the issuance or sale of any bonds for which any portion of the proceeds of 1960 ad valorem

taxes is to be used in payment of interest of repayment of principal * * *."

Left undetermined are issues pertaining to each appellant with reference to excessive and unequal valuations of his property.

Appellants contend that the order of February 17, 1961 modified the temporary order of January 31, 1961, therefore under Art. 4662, V.A.C.S. and Rule 385, Texas Rules of Civil Procedure is appealable, though it is an interlocutory order. It is our opinion that the order of February 17, 1961 does not modify the order of January 31, 1961. On the contrary the later order expressly excepts the matter covered by the earlier order from the effects of the dismissal.

■ Appellants further say that the hearing on January 31, 1961 was on their application for temporary injunction only and was not concerned with appellees' motion to dismiss. But in his order of February 17, 1961 the trial judge made recitations directly to the contrary. No statement of facts was included in the record before us on appeal. So we must presume that the order is supported by the evidence. Moreover, appellants sought to incorporate certain factual allegations in a bill of exceptions, but the purported bill appears in the record unsigned by the trial court.

Since the order of dismissal of February 17, 1961 disposed of only a part of appellants' cause of action, leaving some issues undetermined, it is not appealable as a final judgment. Hargrove v. Insurance Inv. Corp., 142 Tex. 111, 176 S.W.2d 744; 3 Tex.Jur.2d 358. Further, it is not within the class of appealable interlocutory orders. See Arts. 2008, 2250, 2251 and 4662, V.A.C.S.; also Rule 385 T.R.C.P.; 3 Tex. Jur.2d 359.

The appeal is dismissed.