M. Carl JONES, Appellant,

v.

Dr. M. James BROOKS, Jr., et al., Appellees.

No. 8332.

Court of Civil Appeals of Texas, Texarkana.

Dec. 9, 1975.

Rehearing Denied Dec. 30, 1975.

L. F. Burke, Longview, J. R. Cornelius, Jefferson, for appellant.

Doyle Curry, Jones, Jones & Baldwin, Marshall, Roberts, Harbour, Smith, French & Ritter, Longview, for appellees.

CHADICK, Chief Justice.

This is an appeal from an order overruling a plea of res judicata. The appeal is dismissed.

Res judicata is listed in Tex.R. Civ.P. 94 as a defense that must be affirmatively plead. The plea is a defense upon the merits. In 2 McDonald, Tex.Civ.Practice, Sec. 7.43 (1970) it is said that "/R/es judicata, as used in Rule 94, embraces the three

subdivisions of the doctrine: merger, bar, and collateral estoppel." It is apparent from the nature of the plea that its assertion by a party is not an assertion of an action maintainable as a separate lawsuit. The plea merely interposed an issue in the pending lawsuit. It was separately tried by the trial court, as authorized by Tex.R. Civ.P. 174. The order overruling the motion was necessarily an interlocutory judgment as it disposed of only one issue in the case and left other issues made by the pleadings to be adjudicated by the court before determining the rights of the parties. *Hall v. City of Austin*, 450 S.W.2d 836 (Tex.1970).

■ No statute authorizes an appeal from an order deciding a plea of res judicata and no Texas case has been found excepting such order from the general rule stated in Freeman on Judgments and quoted in *Hargrove v. Insurance Inv. Corporation*, 142 Tex. 111, 176 S.W.2d 744 (1944, opinion adopted):

> ". . . that no judgment or decree will be regarded as final within the meaning of the statutes in reference to appeals, unless all the issues of law and of fact necessary to be determined were determined, and the case completely disposed of, so far as the court had power to dispose of it."

See 4 McDonald, Tex.Civ.Practice, Sec. 17.-03.2 (1971) and 17.04 for discussion of the "one" final judgment rule.

However, it can be argued that the record shows that res judicata is the only undetermined issue before the court at the time the order overruling it was made, that resolution of such issue decided the case upon the merits and the order thereon was an appealable final judgment.

More than three years before entry of the order denying the plea of res judicata the trial court, in response to appellant's original petition (praying for a temporary injunction and on final hearing that the injunction be made permanent), held an in-junction hearing and entered an order denying relief. The order entered at conclusion of the injunction hearing is ambiguous in that it would have been a proper order denying an application for temporary injunction or denying a permanent injunction, depending upon which was actually tried.

The appellant did not, in the hearing on the plea of res judicata, introduce the record of the evidence adduced at the injunction hearing. Evidence was introduced tending to show that the trial judge was of the opinion that the injunction hearing was limited to evidence upon issues pertinent to an application for temporary injunctive relief. In the absence of proof of the evidence actually adduced, this court is unable to determine the factual issues decided at the injunction hearing.

■ The purpose of a temporary injunction is to preserve the status quo until final hearing. An applicant is not required to establish that he will finally prevail but there must be proof of a probable right and a probable injury. 31 Tex.Jur.2d, Injunctions, Sec. 12. On the other hand an applicant for a permanent injunction may be entitled to relief though his application for temporary injunction was theretofore denied. See *Smith v. City of Dallas*, 36 S.W.2d 547 (Tex.Civ.App., Texarkana 1931, writ dism'd); 43 C.J.S. Injunctions § 213. This court cannot determine from the record that the evidence was such that the trial court could not have properly refused temporary injunctive relief. For example, the evidence might have warranted the trial judge in finding the status quo would not be disturbed pending trial, an issue not present in an application for permanent injunction, and denied temporary relief on that basis.

■ The appeal must be dismissed as the appeal record does not disclose that the order appealed from is a final judgment. It is so ordered.

CORNELIUS, J., not participating.