Carl David BEAVERS, Appellant,

v.

Elizabeth Hurst BEAVERS, Appellee.

No. 05–82–01341–CV.

Court of Appeals of Texas, Dallas.

May 2, 1983.

Susan M. Withers, Dallas, for appellant.

Martin L. Lowy, Mark C. Mueller, Robert T. Baskett, Dallas, for appellee.

Before GUITTARD, C.J., and CARVER and STEWART, JJ.

GUITTARD, Chief Justice.

*On Motion to Increase Supersedeas Bond*

In this divorce case the appellee wife has filed a motion under rule 365 of the Texas Rules of Civil Procedure to require an additional supersedeas bond. The decree awards a money recovery against the hus-band, but suspends execution pending payment of monthly installments, provides for acceleration of the balance on default, and allows a "reasonable" attorney's fee in the event of further proceedings. The supersedeas bond filed by the husband covers only the installments that will fall due during a period of one year. The wife contends that the bond is insufficient because it fails to cover the entire unpaid balance. We agree with the wife and grant her motion. In considering this question, however, we have been concerned as to whether such a decree is final for the purpose of appeal. We have concluded that it is final, but since we have found no authorities directly on the point, we state the reasons for our conclusion.

### 1. Finality of Decree

In dividing the community property, the decree awards a large part of the property to the husband and awards the wife a money recovery against the husband in the amount of $119,270. The judgment goes on to provide that $10,000 is due on or before September 3, 1982, and that the balance of the sum is payable in monthly installments of $2,000. The unpaid balance bears interest at 9%. The judgment further provides that in the event of default, the wife may "petition any court of competent jurisdiction for a decree declaring the obligation in default and an order maturing the entire unpaid balance." The judgment also declares that in any proceeding to enforce payment, the petitioner has the right to recover a reasonable attorney's fee. To secure the unpaid balance, liens are created on various properties awarded to the husband. Nothing on the face of the judgment indicates that it was entered pursuant to agreement or contract.

The general rule is that a judgment leaving any of the issues in the case open for later decision is interlocutory and not appealable. *Hall v. City of Austin,* 450 S.W.2d 836, 838 (Tex.1970); *North East Independent School District v. Aldridge,* 400 S.W.2d 893, 895 (Tex.1966); *Garrison v. Texas Commerce Bank,* 560 S.W.2d 451, 453 (Tex.Civ.App.—Houston [1st Dist.] 1977, writ ref'd n.r.e.). On the other hand, a

judgment otherwise disposing of all issues between the parties is not rendered interlocutory if further proceedings may be required to carry the judgment into effect or incidental matters remain to be settled. *See Dunn v. Dunn,* 439 S.W.2d 830, 833 (Tex.1969); *Ferguson v. Ferguson,* 161 Tex. 184, 338 S.W.2d 945, 947 (Tex.1960); *Hargrove v. Insurance Invest. Corp.,* 142 Tex. 111, 176 S.W.2d 744 (Tex.1944). This rule is an apparent exception to the "one final judgment" requirement of rule 301 of the Texas Rules of Civil Procedure and has been applied to executory judgments in which title to real property or a right of execution is suspended pending performance by another party. *See Schwartz v. Jefferson,* 520 S.W.2d 881, 887 (Tex.1975); *Hargrove,* 176 S.W.2d 746. *Cf. Huff v. Huff,* 634 S.W.2d 5 (Tex.App.1983) (divorce decree awarding monthly child support payments is final even though the trial court retains authority to modify it).

In a like manner, the present judgment suspends execution for the total recovery so long as the husband makes the installment payments. All present issues between the parties have been resolved except the discharge of the obligation fixed in the decree. The anticipated proceeding in the event of a default would merely involve determination of the balance owing on the judgment at the time of the default. In that proceeding, the trial court would only ascertain what sum is due as a result of the decision already made. Consequently, in this respect, we hold that the decree does not lack finality.

The portion of the judgment declaring that petitioner recover a reasonable attorney's fees in the subsequent proceeding presents a more difficult problem. This provision contemplates a judicial determination of the reasonableness of the fee. However, the judgment does not purport to award the attorney a fee for services in the pending suit. Rather, the judgment declares a right to an attorney's fee for services to be performed later in a separate proceeding. This aspect of the judgment has no reference to the issues decided in the present case and is more properly characterized as incidental to execution of the judgment. For this reason, we hold that the provision in the judgment for recovery of an attorney's fee in a future proceeding to enforce the judgment obligation does not deprive the judgment of finality.

We do not pass on the propriety of either the provision for suspension of execution so long as monthly payments are made or of the provision for a subsequent attorney's fee because neither of those questions is now before us.

### Sufficiency of Supersedeas Bond

On appellant's motion the trial court fixed the amount of the supersedeas bond at $24,000. Appellant contends that this amount is proper on the theory that only the payments to mature within twelve months should be considered in fixing the amount of the bond. In support of this contention he argues that he does not desire "to suspend the execution of the judgment," as paragraph (a) of rule 364 provides, but only to suspend the appellee's right to proceed under the decree for a declaration of default and acceleration of the balance. Thus, he insists, the decree is a judgment "for other than money or property on foreclosure" within paragraph (e) of rule 364, and, therefore, the trial court is authorized by that paragraph to fix the amount of the supersedeas bond in such amount "as will secure the plaintiff in judgment in any loss or damage occasioned by the delay on appeal."

We cannot agree with this reasoning. The decree undoubtedly awards a money recovery of $119,270, although it suspends execution so long as monthly installments are paid. No execution is authorized for a part of the judgment only. Appellee's right to execution for the balance is what appellant seeks to suspend by giving a supersedeas bond. If appellant discontinues the monthly payments pending appeal in reliance on a supersedeas, appellee is not deprived merely of her right to receive monthly installments. She is also deprived

of her right to execution for the balance in the event of his failure to make the payments. Consequently, to give her full protection, the bond must cover the entire amount, as paragraph (a) of rule 364 requires.

Appellee cites *Haney Electric Co. v. Hurst,* 608 S.W.2d 355, 356 (Tex.Civ.App.—Dallas 1980, no writ), in which we held that a money judgment cannot be partially superseded. The present decision, however, is not based on that holding. Here appellant does not seek to supersede a part of the judgment, but rather to suspend execution for the entire amount of the judgment for $119,270 by giving a bond for only $24,000. We hold that this controlling fact is not affected by the provision of the decree suspending execution until a default occurs and is judicially determined.

Accordingly, we sustain appellee's motion and fix the amount of the bond at $125,000. The bond may be filed in this court in accordance with rules 365 and 366 of the Texas Rules of Civil Procedure.

Motion granted.