NO. 07-11-00355-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 30, 2011

_____

IN THE INTEREST OF A.W.D., A CHILD

_____

FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;

NO. 25,556; HONORABLE DAN MIKE BIRD, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**OPINION**

Appellant Otis W. Dupre attempts the appeal of an order confirming registration of a foreign support order.[1]  Finding we lack jurisdiction, we will dismiss the appeal.

Background

On July 22, 2010, the District Clerk of Wilbarger County provided Dupre with written notice of registration in Texas of a foreign support order.[2]  According to the

_____

[1] The Uniform Interstate Family Support Act, Tex. Fam. Code Ann. §§ 159.001-159.901 (West 2008 and Supp. 2011), provides for registration and enforcement in Texas of a foreign support order or income-withholding order.  Tex. Fam. Code Ann. § 159.601 (West 2008).

[2] *See* Tex. Fam. Code Ann. § 159.605 (West 2008).

notice, under an attached Kentucky divorce decree he owed a child support arrearage of $7,452.58.

The record also contains a motion for enforcement, also filed on July 22, filed by appellee the Attorney General of Texas. The pleading asked the court to hold Dupre in contempt for failure to make timely or full support payments. It further requested an order of payment and an income withholding order and an award of reasonable attorney's fees.[3]

On October 7, 2010, the trial court appointed counsel for Dupre. In his live answer, filed February 9, 2011, Dupre alleged he lacked sufficient capacity to understand the notice of registration and required appointment of a guardian ad litem.[4] He interposed a general denial and affirmatively alleged a claim for arrearages was barred by limitations.

On May 24, 2011, the trial court signed an "order confirming registration of foreign support order." The order decreed "[t]he Court after hearing the evidence and argument of counsel, FINDS the following foreign Order was sought to be registered and ORDERS that the same should be, and is hereby registered in the State of

---

[3] A "responding tribunal," *see* Family Code § 159.102(17), may *inter alia* enforce a support order, order income withholding, determine the amount of arrearages and specify a method of payment, enforce orders by civil or criminal contempt or both, award reasonable attorney's fees and other fees and costs, and grant any other available remedy. Tex. Fam. Code Ann. § 159.305(1),(2),(3),(4),(5),(11),(12) (West 2008).

[4] In a previously filed pleading, Dupre alleged he was "physically and mentally disabled as a result of bipolar disorder and mental retardation, and his disabilities are such as affect his capacity in regard to the appreciation of legal matters that can and do affect him . . . ."

Texas[.]" The order does not contain language disposing of the affirmative claims alleged in the Attorney General's motion for enforcement. Nor does it contain language indicating it is intended as a final judgment.

Dupre filed a notice of appeal. After the clerk's record was filed we notified the parties by letter that we questioned the finality of the order and thus our jurisdiction. The appeal was abated and we directed the parties to address the jurisdictional issue. Each did so by letter brief.

Analysis

We will determine our jurisdiction over this appeal on our own motion and in light of the facts we have recited. *See Buffalo Royalty Corp. v. Enron Corp.,* 906 S.W.2d 275, 277 (Tex.App.--Amarillo 1995, no writ) (appellate court must address questions of jurisdiction, *sua sponte*).

"[T]he general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment." *Lehmann v. Har Con-Corp.,* 39 S.W.3d 191, 195 (Tex. 2001). A final judgment in a civil case is one that disposes of all parties and all issues in a lawsuit. *Id.* at 195; *Houston Health Clubs, Inc. v. First Court of Appeals,* 722 S.W.2d 692, 693 (Tex. 1986). "[W]hen there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann,* 39 S.W.3d at 205. A court of appeals has no appellate jurisdiction over a nonfinal, interlocutory order unless

3

expressly authorized by statute. *New York Underwriters Ins. Co. v. Sanchez,* 799 S.W.2d 677, 679 (Tex. 1990).

Here the order of confirmation does not dispose of the claims raised in the motion for enforcement.[5] The parties do not cite us to, nor are we aware of, any authority authorizing an immediate appeal of an interlocutory confirmation order while issues of contempt and enforcement remain pending. *See Cowan v. Moreno,* 903 S.W.2d 119, 124 (Tex.App.--Austin 1995, no pet.) (holding order confirming registration of foreign child support order but expressly declining to rule on order's enforceability was not final and appealable).[6]

We have examined a line of authority recognizing an exception to the general rule of finality and specifying that "a judgment otherwise disposing of all issues between the parties is not rendered interlocutory if further proceedings may be required to carry the judgment into effect or incidental matters remain to be settled." *Beavers v. Beavers,* 651 S.W.2d 52, 53-54 (Tex.App.--Dallas 1983, no writ) (citing *Dunn v. Dunn,* 439

---

[5] The order also makes no express disposition of Dupre's claim of lack of capacity and asserted need for appointment of a guardian ad litem.

[6] The appeal is not presented under the procedure outlined in § 51.014(d) of the Civil Practice & Remedies Code. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d) (West 2008) (specifying procedure for interlocutory appeal in a civil action of a matter not otherwise immediately appealable). Although not directly pertinent here, we note that this procedure is not available in an action brought under the Family Code filed on or after September 1, 2011. Act of May 30, 2011, 82nd Leg., R.S., ch. 203, §§ 3.01, 6.01, 6.02, 2011 Tex. Gen. Laws 758, 759 (adding subsection d-1 which provides "[s]ubsection (d) does not apply to an action brought under the Family Code"), 761 (specifying the effective date of the act) (current version at Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d),(d-1) (West Supp. 2011)).

4

S.W.2d 830, 833 (Tex. 1969); *Ferguson v. Ferguson,* 161 Tex. 184, 338 S.W.2d 945, 947 (Tex. 1960); *Hargrove v. Insurance Invest. Corp.,* 142 Tex. 111, 176 S.W.2d 744 (Tex. 1944)).  This "rule is an apparent exception to the 'one final judgment' requirement of rule 301 of the Texas Rules of Civil Procedure . . . ."  *Id.* (citing *Schwartz v. Jefferson,* 520 S.W.2d 881, 887 (Tex. 1975); *Hargrove,* 142 Tex. 111, 176 S.W.2d 744 (Tex. 1944); *cf. Huff v. Huff,* 634 S.W.2d 5 (Tex. 1983) (divorce decree awarding monthly child support payments is final even though the trial court retains authority to modify it)).  As did the court in *Cowan*, we find the exception described in such cases inapplicable here.  *See Cowan*, 903 S.W.2d at 124 (citing *Ferguson,* 338 S.W.2d at 947).

In his letter brief, Dupre argues we should view the relief sought by the Attorney General's motion for enforcement as moot because the Attorney General has issued an administrative writ of withholding attaching Dupre's social security disability benefits.  Of this fact we have no indication in the record other than a statement in Dupre's motion for new trial.  Moreover, assuming the accuracy of this assertion, what if any effect it may have on the remaining claims of the Attorney General in the trial court is for that court's determination.

Dupre also argues the confirmation order inferentially confirmed the trial court's power to enforce the foreign decree.  Whether or not this is a correct proposition is a question we do not consider.  It remains that the Attorney General seeks affirmative relief against Dupre which the confirmation order does not resolve.

Conclusion

Because no final, appealable order has been rendered in this case we lack appellate jurisdiction. Accordingly, the appeal is dismissed for want of jurisdiction.[7] Tex. R. App. P. 43.2(f).


James T. Campbell
Justice

---

[7] In his letter brief, Dupre asks that if the appeal is dismissed we do so "without prejudice." By concluding the trial court's order is not appealable and dismissing Dupre's appeal, we express no opinion on the merits of any substantive issues he has raised in the trial court, and our dismissal is without prejudice to Dupre's assertion of his position on those issues in any future appeal.