NO. 07-11-00355-CV
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL D
 
--------------------------------------------------------------------------------
NOVEMBER 30, 2011
--------------------------------------------------------------------------------

 
 IN THE INTEREST OF A.W.D., A CHILD
--------------------------------------------------------------------------------

 
 FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;
 
 NO. 25,556; HONORABLE DAN MIKE BIRD, JUDGE
--------------------------------------------------------------------------------

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

 OPINION

Appellant Otis W. Dupre attempts the appeal of an order confirming registration of a foreign support order. Finding we lack jurisdiction, we will dismiss the appeal.
 Background
On July 22, 2010, the District Clerk of Wilbarger County provided Dupre with written notice of registration in Texas of a foreign support order. According to the notice, under an attached Kentucky divorce decree he owed a child support arrearage of $7,452.58. 
The record also contains a motion for enforcement, also filed on July 22, filed by appellee the Attorney General of Texas. The pleading asked the court to hold Dupre in contempt for failure to make timely or full support payments. It further requested an order of payment and an income withholding order and an award of reasonable attorney's fees.
 On October 7, 2010, the trial court appointed counsel for Dupre. In his live answer, filed February 9, 2011, Dupre alleged he lacked sufficient capacity to understand the notice of registration and required appointment of a guardian ad litem. He interposed a general denial and affirmatively alleged a claim for arrearages was barred by limitations. 
On May 24, 2011, the trial court signed an "order confirming registration of foreign support order." The order decreed "[t]he Court after hearing the evidence and argument of counsel, FINDS the following foreign Order was sought to be registered and ORDERS that the same should be, and is hereby registered in the State of Texas[.]" The order does not contain language disposing of the affirmative claims alleged in the Attorney General's motion for enforcement. Nor does it contain language indicating it is intended as a final judgment. 
Dupre filed a notice of appeal. After the clerk's record was filed we notified the parties by letter that we questioned the finality of the order and thus our jurisdiction. The appeal was abated and we directed the parties to address the jurisdictional issue. Each did so by letter brief. 
 Analysis
We will determine our jurisdiction over this appeal on our own motion and in light of the facts we have recited. See Buffalo Royalty Corp. v. Enron Corp., 906 S.W.2d 275, 277 (Tex.App.--Amarillo 1995, no writ) (appellate court must address questions of jurisdiction, sua sponte).
"[T]he general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment." Lehmann v. Har Con-Corp., 39 S.W.3d 191, 195 (Tex. 2001). A final judgment in a civil case is one that disposes of all parties and all issues in a lawsuit. Id. at 195; Houston Health Clubs, Inc. v. First Court of Appeals, 722 S.W.2d 692, 693 (Tex. 1986). "[W]hen there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." Lehmann, 39 S.W.3d at 205. A court of appeals has no appellate jurisdiction over a nonfinal, interlocutory order unless expressly authorized by statute. New York Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677, 679 (Tex. 1990). 
Here the order of confirmation does not dispose of the claims raised in the motion for enforcement. The parties do not cite us to, nor are we aware of, any authority authorizing an immediate appeal of an interlocutory confirmation order while issues of contempt and enforcement remain pending. See Cowan v. Moreno, 903 S.W.2d 119, 124 (Tex.App.--Austin 1995, no pet.) (holding order confirming registration of foreign child support order but expressly declining to rule on order's enforceability was not final and appealable).
We have examined a line of authority recognizing an exception to the general rule of finality and specifying that "a judgment otherwise disposing of all issues between the parties is not rendered interlocutory if further proceedings may be required to carry the judgment into effect or incidental matters remain to be settled." Beavers v. Beavers, 651 S.W.2d 52, 53-54 (Tex.App.--Dallas 1983, no writ) (citing Dunn v. Dunn, 439 S.W.2d 830, 833 (Tex. 1969); Ferguson v. Ferguson, 161 Tex. 184, 338 S.W.2d 945, 947 (Tex. 1960); Hargrove v. Insurance Invest. Corp., 142 Tex. 111, 176 S.W.2d 744 (Tex. 1944)). This "rule is an apparent exception to the `one final judgment' requirement of rule 301 of the Texas Rules of Civil Procedure . . . ." Id. (citing Schwartz v. Jefferson, 520 S.W.2d 881, 887 (Tex. 1975); Hargrove, 142 Tex. 111, 176 S.W.2d 744 (Tex. 1944); cf. Huff v. Huff, 634 S.W.2d 5 (Tex. 1983) (divorce decree awarding monthly child support payments is final even though the trial court retains authority to modify it)). As did the court in Cowan, we find the exception described in such cases inapplicable here. See Cowan, 903 S.W.2d at 124 (citing Ferguson, 338 S.W.2d at 947).
 In his letter brief, Dupre argues we should view the relief sought by the Attorney General's motion for enforcement as moot because the Attorney General has issued an administrative writ of withholding attaching Dupre's social security disability benefits. Of this fact we have no indication in the record other than a statement in Dupre's motion for new trial. Moreover, assuming the accuracy of this assertion, what if any effect it may have on the remaining claims of the Attorney General in the trial court is for that court's determination.
Dupre also argues the confirmation order inferentially confirmed the trial court's power to enforce the foreign decree. Whether or not this is a correct proposition is a question we do not consider. It remains that the Attorney General seeks affirmative relief against Dupre which the confirmation order does not resolve. 
 
 
 Conclusion
 Because no final, appealable order has been rendered in this case we lack appellate jurisdiction. Accordingly, the appeal is dismissed for want of jurisdiction. Tex. R. App. P. 43.2(f).

 James T. Campbell
 Justice