**DISMISS and Opinion Filed August 8, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00486-CV

## IN THE INTEREST OF A.R.J., A CHILD

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-51874-2013**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Evans, and Justice Brown
Opinion by Chief Justice Wright

This Court questioned its jurisdiction over this appeal as it appeared the notice of appeal was untimely. We instructed the parties to file letter briefs addressing this Court's jurisdiction. The parties complied.

Generally, appellate courts have jurisdiction only over final judgments and certain interlocutory orders as permitted by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A final judgment is one that disposes of all pending parties and claims. *Id*. A judgment may not condition recovery on uncertain events or depend on what the parties might or might not do post-judgment. *See Hinde v. Hinde*, 701 S.W.2d 637, 639 (Tex. 1985). However, a judgment settling all legal issues and rights between the parties may be final and appealable even if further proceedings may be necessary for purposes of its execution or an incidental or dependent matter remains to be settled. *Id*. (citing *Hargrove v. Ins. Invs. Corp.*, 176 S.W.2d 744, 747 (Tex.

1944)).  A judgment that disposes of all parties and claims is appealable as long as "it neither conditions nor clouds with uncertainty the rights and obligations it establishes." *Id*.

The trial court signed the Order in Suit to Modify Parent-Child Relationship on June 2, 2017.  In that order, the trial court conditionally awarded attorney's fees as follows:

> IT IS ORDERED that if [appellant] files a future Petition to Modify the Parent-Child Relationship seeking a change in conservatorship, possession, or access of the child and such modification is not granted, then [appellee] shall be granted a judgment in the sum of $21,375.00 plus the prevailing judgment interest rate accruing from the applicable date against [appellant] for fees incurred up through the rendering of this final order.  IT IS FURTHER ORDERED that these orders do not limit either parties' ability to request fees as a result of any future modification.

Appellee timely filed a motion to modify on June 28, 2017.  In his motion, appellee asked that the trial court modify the judgment with respect to attorney's fees "to enter a specific and definite judgment in the amount of $21,375.00."  On March 14, 2018, the trial court signed a clarified final order that modified the language awarding appellee a judgment for his attorney's fees.  The trial court conditioned execution of the judgment for attorney's fees on appellant seeking but being denied modification involving the conservatorship, possession, or access of the child.  The March 14 order is the subject of this appeal.  This Court's jurisdiction depends upon whether the June 2 judgment was final and appealable.

In her letter brief, appellant agrees that the June 2 judgment is the final judgment and that the March 14 judgment was signed after the trial court's plenary power had expired.  Appellee, however, disagrees.  Relying on *Olympia Marble & Granite v. Mayes*, 17 S.W.3d 437 (Tex. App.—Houston [1st Dist.] 2000, no pet.), he argues the June 2 judgment was not final because the attorney's fee language in that judgment was uncertain.  In *Olympia Marble*, the court held an earlier judgment was interlocutory because it left open the amount of prejudgment interest to be awarded.  *Id*. at 443.  The court held where it was unclear as to the date prejudgment interest should accrue and whether any period of delay tolled the accrual of prejudgment interest, it was not a

mere ministerial act to calculate prejudgment interest. *Id*. at 443. Under these circumstances, the amount of the judgment was uncertain and the judgment was interlocutory. *Id*. This Court addressed conditional judgment language in *Riner v. Neumann*, No. 05-07-01053-CV, 2008 WL 4938438 *1 (Tex. App.—Dallas Nov. 20, 2008, no pet.) (mem. op). In *Riner*, the judgment awarded $7,500 in damages plus $25.48 "per day for each day after July 12, 2007, that [the appellant] retains possession of the real property." *Id.* This Court held the judgment was not final because the clerk would have no definite information to calculate the per diem award. *Id*.

In contrast to the judgments in *Riner* and *Olympia Marble*, the attorney's fee award in the June 2 judgment does not contain the uncertainty that renders a judgment interlocutory. As this Court noted in *Riner*, a conditional award of attorney's fees does not render an otherwise final judgment interlocutory because such an award is a definite amount that a clerk is able to determine based on ascertainable facts. *See Riner*, 2008 WL 4938438 *1; *see also Hargrove Hargrove*, 176 S.W.2d at 747 (judgment final that awarded damages for breach of contract but delayed payment and provided a credit depending on outcome of pending suit involving different parties); *Ferguson v. Ferguson*, 338 S.W.2d 945, 948 (Tex. 1960) (judgment awarding wife one-half of husband's business profits and ordering husband to furnish accounting to decide amount of profits was final; rendering of accounting and profits was "ministerial act incident to the final judgment"). Here, the language in the June 2 judgment is clear — if appellant files a future petition seeking a change in conservatorship, possession, or access of the child and the modification is not granted, then appellee is entitled to a judgment in the amount of $21,375.00. We hold the June 2 judgment was final and appealable.

Having determined the June 2, 2017 judgment was final, the trial court's plenary power expired on September 15, 2017, thirty days after appellee's motion to modify was overruled by operation of law. *See* TEX. R. CIV. P. 329b(c), (e). Accordingly, the clarified final order signed

on March 14, 2018 is void because the trial court signed it after its plenary power had expired. *See*

*State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995).

With the June 2 judgment being the final judgment, the notice of appeal was due August 31, 2017, ninety days after the date the judgment was signed. *See* TEX. R. APP. P. 26.1(a). Appellant filed a notice of appeal on April 30, 2018. Because the notice of appeal was untimely, we lack jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1(b). Accordingly, we vacate the trial court's March 14, 2018 order as void and dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE

180486F.P05

–4–



## Court of Appeals
## Fifth District of Texas at Dallas
# JUDGMENT

IN THE INTEREST OF A.R.J., A CHILD

No. 05-18-00486-CV

On Appeal from the 416th Judicial District Court, Collin County, Texas

Trial Court Cause No. 416-51874-2013. Opinion delivered by Chief Justice Wright. Justices Evans and Brown participating.

In accordance with this Court's opinion of this date, the trial court's March 14, 2018 Clarified Final Order in Suit to Modify Parent-Child Relationship is **VACATED** and this appeal is **DISMISSED**.

It is **ORDERED** that the parties bear their own costs of this appeal.

Judgment entered August 8, 2018.