TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00703-CV







Owens Corning; American Optical Corporation; BOC Group, Inc.; Dressor Industries,


Inc.; Hobart Brothers Company; John Crane, Inc.; The Lincoln Electric Company;


Westinghouse Electric Corporation; and W. R. Grace & Co.-Conn., Appellants



v.



General Lee Cole; Doris Virginia IsBell, individually and as Executrix of the estate of


Tyers Raymond IsBell, deceased, and as representative of the wrongful death


beneficiaries; Lidge Lambert; Eunice Earline Wright, individually and Charles


Wright, individually and as Executor of the estate of James Winston Wright,


deceased, and as representative of the wrongful death beneficiaries;


Juanita Cole; LeNelle Hardy; and Dorothy Lambert, Appellees








FROM THE DISTRICT COURT OF ORANGE COUNTY, 128TH JUDICIAL DISTRICT


NO. A-920961-S, HONORABLE PATRICK A. CLARK, JUDGE PRESIDING 






PER CURIAM

 This is an attempted appeal from a judgment rendered in favor of appellees General
Lee Cole, et al. The "Interlocutory Judgment" signed on July 24, 1997 provides as follows:


 The Court, in a bifurcated trial, submitted the issue of the amount of
punitive damages that should be awarded as against defendant, North American
Refractories Company and defendant, Owens Corning. However, the jury
remained hopelessly deadlocked and was unable to deliver a monetary damage
verdict in regards to punitive damages. The Court orders a mistrial in regards to
the issue of punitive damages only in regards to Owens Corning and North
American Refractories Company and orders a new trial on the liability regarding
punitive damages and the amount of punitive damages only as it relates to
defendants, Owens Corning and North American Refractories Company only. The
court will then reform this judgment to reflect any punitive damages awarded
against Owens Corning and/or North American Refractories Company. This will
then render this judgment final as to Owens Corning and/or North American
Refractories Company. [emphasis added].



Following additional language, the judgment concludes with a Mother Hubbard clause.

 Texas Rule of Civil Procedure 174 authorizes a separate trial on punitive damages. 
See Greater Houston Transp. v. Zrubeck, 850 S.W.2d 579, 587 (Tex. App.--Corpus Christi 1993,
writ denied). However, we note that because there has been no severance of the bifurcated issue
pursuant to Rule 41, the judgment is by its nature interlocutory. Thus, when considered in its
entirety, we conclude that the trial court's judgment is not final and appealable because it requires
future action by the trial court to settle the entire controversy. See Wagner v. Warnasch, 295
S.W.2d 890, 892 (Tex. 1956). Moreover, a judgment that leaves any of the issues in the case
open for later decision is interlocutory and not appealable. Hall v. City of Austin, 450 S.W.2d
838 (Tex. 1970); Beavers v. Beavers, 651 S.W.2d 52, 53 (Tex. App.--Dallas 1983, no writ). 
Appellees' motion to dismiss this appeal is granted and their request for damages is denied.


CONCLUSION


 This appeal is hereby dismissed for want of jurisdiction.


Before Chief Justice Carroll, Justices Jones and Kidd

Dismissed for Want of Jurisdiction

Filed: December 18, 1997

Do Not Publish



DY TEXT="#000000" LINK="#0000ff" VLINK="#551a8b" ALINK="#ff0000" BGCOLOR="#c0c0c0">

TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00703-CV







Owens Corning; American Optical Corporation; BOC Group, Inc.; Dressor Industries,


Inc.; Hobart Brothers Company; John Crane, Inc.; The Lincoln Electric Company;


Westinghouse Electric Corporation; and W. R. Grace & Co.-Conn., Appellants



v.



General Lee Cole; Doris Virginia IsBell, individually and as Executrix of the estate of


Tyers Raymond IsBell, deceased, and as representative of the wrongful death


beneficiaries; Lidge Lambert; Eunice Earline Wright, individually and Charles


Wright, individually and as Executor of the estate of James Winston Wright,


deceased, and as representative of the wrongful death beneficiaries;


Juanita Cole; LeNelle Hardy; and Dorothy Lambert, Appellees








FROM THE DISTRICT COURT OF ORANGE COUNTY, 128TH JUDICIAL DISTRICT


NO. A-920961-S, HONORABLE PATRICK A. CLARK, JUDGE PRESIDING 






PER CURIAM

 This is an attempted appeal from a judgment rendered in favor of appellees General
Lee Cole, et al. The "Interlocutory Judgment" signed on July 24, 1997 provides as follows:


 The Court, in a bifurcated trial, submitted the issue of the amount of
punitive damages that should be awarded as against defendant, North American
Refractories Company and defendant, Owens Corning. However, the jury
remained hopelessly deadlocked and was unable to deliver a monetary damage
verdict in regards to punitive damages. The Court orders a mistrial in regards to
the issue of punitive damages only in regards to Owens Corning and North
American Refractories Company and orders a new trial on the liability regarding
punitive damages and the amount of punitive damages only as it relates to
defendants, Owens Corning and North American Refractories Company only. The
court will then reform this judgment to reflect any punitive damages awarded
against Owens Corning and/or North American Refractories Company. This will
then render this judgment final as to Owens Corning and/or North American
Refractories Company. [emphasis added].



Following additional language, the judgment concludes with a Mother Hubbard clause.

 Texas Rule of Civil Procedure 174 authorizes a separate trial on punitive damages. 
See Greater Houston Transp. v. Zrubeck, 850 S.W.2d 579, 587 (Tex. App.--Corpus Christi 1993,
writ denied). However, we note that because there has been no severance of the bifurcated issue
pursuant to Rule 41, the judgment is by its nature interlocutory. Thus, when considered in its
entirety, we conclude that the trial court's judgment is not final and appealable because it requires
future action by the trial court to settle the entire controversy. See Wagner v. Warnasch, 295
S.W.2d 890, 892 (Tex. 1956). Moreover, a judgment that leaves any of the issues in the case
open for later decision is interlocutory and not appealable. Hall v. City of Austin, 450 S.W.2d
838 (Tex. 1970); Beavers v. Beavers, 651 S.W.2d 52, 53 (Tex. App.--Dallas 1983, no writ). 
Appellees' motion to dismiss this appeal is granted and their request for damages is denied.


CONCLUSION


 This appeal is hereby dismissed for want of jurisdiction.


Before Chief Justice Carroll, Justices Jones and Kidd

Dismissed for Want of Jurisd