

# NUMBER 13-22-00036-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN THE INTEREST OF M.R.T., A CHILD

**On appeal from the County Court at Law
of Burnet County, Texas.**

## MEMORANDUM OPINION

**Before Justices Tijerina, Silva, and Peña
Memorandum Opinion by Justice Tijerina**

This appeal is from a decision in a suit affecting the parent child relationship concerning M.R.T. Appellee is M.R.T.'s mother. Appellant is M.R.T.'s father who challenges the trial court's "Order Holding-Respondent in Contempt for Failure to Pay Child Support, Granting Judgment, and for Commitment to County Jail," signed on November 9, 2021. By what we construe as one issue challenging this order, appellant contends that the attorney's fees awarded "are not supported by sufficient admissible

evidence necessary to grant them."[1]  Appellee responds that we lack jurisdiction over this appeal because there is not a final appealable order. We dismiss the appeal.[2]

## I.     APPLICABLE LAW

Generally, appeals may be taken only from final judgments. *See City of Watauga v. Gordon*, 434 S.W.3d 586, 588 (Tex. 2014); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Appellate courts have jurisdiction to consider appeals of interlocutory orders only if a statute explicitly provides for such an appeal. *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007); *see City of Watauga*, 434 S.W.3d at 588; *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding).

If a trial court's judgment requires future action by the trial court to settle the entire controversy, then the judgment is not final for purposes of appeal. *Wagner v. Warnasch*, 295 S.W.2d 890, 892 (Tex.1956). Moreover, a judgment leaving issues in the case open for later decision is interlocutory and not appealable. *Hall v. City of Austin*, 450 S.W.2d 838 (Tex. 1970); *Beavers v. Beavers*, 651 S.W.2d 52, 53 (Tex. App.—Dallas 1983, no writ). "To be final a judgment must determine the rights of the parties and dispose of all the issues involved so that no future action by the court will be necessary in order to settle and determine the entire controversy." *Wagner*, 295 S.W.2d at 892.

---

[1] To protect the identity of the minor children, we refer to the parents as appellant and appellee. *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(a).

[2] This appeal was transferred to this Court from the Third Court of Appeals pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

## II. PERTINENT FACTS

Here, appellee filed a motion for enforcement requesting that the trial court order appellant to pay his child support arrearages and to hold appellant in civil contempt and criminal contempt of court for failing to pay the full amount of previously confirmed child support arrearages and failing to pay medical support. Appellee also requested attorney's fees. Specifically, in her pleading, appellee asked the judge to place appellant in jail for criminal contempt for 180 days and then place him in jail for civil contempt "for a period not to exceed eighteen months (total for civil and criminal contempt) or until" appellant satisfied a trial court order to pay appellee a lump sum of $5,000. Appellee further requested the trial court to place appellant on community supervision for ten years after serving his contempt sentence. Subsequently, appellant filed a motion to modify child support and a jury demand for the civil and criminal contempt of court allegations.

On October 5, 2021, the trial court held a hearing on the motion to enforce and another motion to modify child support filed by appellant. The trial court limited the hearing to determine whether to impose civil contempt, whether to modify the child support amount, and whether to award attorney's fees. At the hearing, the trial court emphasized that it was not going to determine whether to impose criminal contempt, and it stated that it would decide that issue later. After the hearing, on October 10, 2021, appellant filed a motion for new trial and/or motion to reconsider informing the trial court that at the October 5, 2021 hearing, evidence of payments he had made to the Texas Office of the Attorney General (OAG) for child support had not been offered. Specifically, appellant stated, at the time of the hearing, he was unaware that he had made the payments and therefore

3

the trial court's order regarding contempt should be set aside. Appellant claimed that the OAG and appellee provided "false and misleading information." Appellant asked the trial court to "grant a new trial or reopen the hearing held on October 5, 2021 and vacate its current orders."[3]

The trial court held another hearing on October 19, 2021, and considered appellant's "new" evidence, and it took the motion "under advisement regarding what [to] do." On November 9, 2021, the trial court signed "Order Holding-Respondent in Contempt for Failure to Pay Child Support, Granting Judgment, and for Commitment to County Jail," granting appellee's motion for enforcement of the child support order only as to the issue of civil contempt and attorney's fees.[4] The trial court ordered appellant to turn himself in to the Burnet County Jail on October 22, 2021, at 5:00 p.m. However, the trial court stipulated that if appellant paid appellee the amount of $7,030.45, he would avoid any jail commitment. The trial court stated: "All relief requested, *with the exception of* Movant's request Respondent be held in criminal contempt, and not expressly granted is denied. This Court has expressly reserved the issue of criminal contempt for a contested final trial on a future date." (Emphasis added). The trial court had previously set out in its order the following:

---

[3] We note that the trial court had merely orally pronounced its ruling, and when appellant filed his motion for new trial and/or motion to reconsider there had not been a written ruling filed in the record.

[4] The trial court noted the following:

*Date of Judgment*

This Order was judicially PRONOUNCED and RENDERED, on the record and in open court on October 5, 2021, then MODIFIED as judicially PRONOUNCED and RENDERED on the record and in open court on October 19, 2021, and subsequently

SIGNED on ___11/9/2021 11:16:20 AM___, 2021.

4

This Court has reserved the issue of criminal contempt at this time. [Appellee] may set a hearing to take place in person on her request for criminal contempt for a future date. IT IS FOUND that [appellant] was properly served with an Order to Appear and Show Cause for the hearing held on October 5, 2021, which included [appellee's] request for both criminal and civil contempt. IT IS FOUND that [appellant] did not want to proceed on the issue of criminal contempt because he wished to confront his accuser in person. IT IS THEREFORE ORDERED that [appellant] shall be deemed properly served with an Order to Appear for said hearing if such Order to Appear is served upon by through his attorney of record . . . in accordance with Rule 21a of the Texas Rules of Civil Procedure.

### III.   ANALYSIS

Here, the trial court's order specifies that it has not disposed of all claims of the litigation, namely whether to place appellant in jail for criminal contempt based on appellant's request not to proceed with that issue "because he wished to confront his accuser in person." The judgment requires future action by the trial court to settle the entire controversy because it leaves the issue of criminal contempt open for later decision. *See Wagner*, 295 S.W.2d at 892. Accordingly, we conclude that the "Order Holding-Respondent in Contempt for Failure to Pay Child Support, Granting Judgment, and for Commitment to County Jail" is not final because the order does not determine the rights of the parties and does not dispose of all the issues involved so that no future action by the trial court will be necessary in order to settle and determine the entire controversy. *See Wagner*, 295 S.W.2d at 892. We dismiss the appeal for lack of jurisdiction. *See id.*

JAIME TIJERINA
Justice

Delivered and filed on the
20th day of July, 2023.

5