**AFFIRM and DENY; Opinion Filed July 8, 2024**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-22-01325-CV

**JA-LYNN KUO, JLKUO, PLLC, SUBHO MULLICK, SM ER, PLC, SALIMA AMIN THOBANI, AND SRG CONSULTING, LLC, Appellants**

**V.**

**REGIONS BANK, Appellee**

**and**

**IN RE JA-LYNN KUO, JLKUO, PLLC, SUBHO MULLICK, SM ER, PLC, SALIMA AMIN THOBANI, AND SRG CONSULTING, LLC, Relators**

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-22-12984**

## MEMORANDUM OPINION

Before Justices Molberg, Nowell, and Kennedy
Opinion by Justice Kennedy

Appellee Regions Bank (the Bank) filed suit against appellants Ja-Lynn Kuo,

JLKUO, PLLC, Subho Mullick, SM ER, PLC, Salima Amin Thobani, and SRG

Consulting, LLC (appellants) to enforce their guarantees of payment of two loans

Regions Bank made for the construction and operation of a stand-alone emergency

room. The trial court granted summary judgment in favor of the Bank on appellants'

affirmative defenses and counterclaims and, in a subsequent order, on the Bank's breach-of-contract claim against appellants. The trial court later granted a motion severing the remaining claims between appellants and other defendants, which did not involve the Bank, and entered a September 16, 2022 final judgment in the severed case, incorporating by reference the earlier order granting summary judgment against appellants on the Bank's breach-of-contract claim.

Appellants appeal from that final judgment and also seek mandamus relief from the trial court's order compelling post-judgment discovery. In their first issue, appellants argue the final judgment is not a final, appealable order and instead impermissibly requires reference to additional facts in order to enforce it, such that this Court lacks jurisdiction over this appeal. In their second and third issues, appellants urge the trial court erred in granting summary judgment because the Bank did not prove it satisfied conditions precedent and failed to conclusively prove its damages. In their fourth issue, appellants challenge the sufficiency of the evidence to support the trial court's award of attorney's fees. In their fifth issue, appellants urge the trial court erred by granting summary judgment on appellants' affirmative defense of offset.

In their petition for writ of mandamus, appellants urge the trial court abused its discretion by granting the Bank's motion to compel post-judgment discovery and for sanctions because the final judgment incorporating the summary judgment on

the Bank's breach of contract claim, the basis of post-judgment discovery, is not a final, appealable order.

We affirm the trial court's judgment and deny appellants' petition for writ of mandamus. Because all dispositive issues are settled in law, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.2(a), 47.4.

## BACKGROUND

On April 11, 2014, the Bank made a construction loan in the amount of $2,500,000 to Ascent Realty, LLC for the construction of a stand-alone emergency medical facility in Dallas, Texas. Simultaneously, the Bank made a second revolving loan in the amount of $600,000 to Ascent Group, LLC for operation of the business. Appellants executed Unconditional Guarantees in connection with each loan to guarantee a certain percentage of the principal balance of the respective note.[1] Other parties not part of this appeal also signed guarantees of the two loans.

In 2016, Ascent Group, LLC filed for bankruptcy, and, in 2017, with the Bank's consent, Uptown ER, LLC (Uptown) purchased the assets and assumed the

---

[1] The percentage of the principal balance guaranteed varied by each guarantor is as follows:

| Guarantor | Percentage of Principal Balance |
|---|---|
| Subho Mullick | 51.75% |
| SM ER, PLC | 51.75% |
| Salima Amin Thobani | 24.75% |
| SRG Consulting, LLC | 24.75% |
| Ja-Lynn Kuo | 21.00% |
| JLKUO, PPC | 21.00% |

obligations under the two loans through a Debt Assumption and Modification Agreement (DAMA). The DAMA also refers to the guarantees of John Turner, the managing member and principal of Uptown ER, LLC, and Ryan Cradeur, another member and principal of the same. Simultaneously with the DAMA, Turner and Cradeur signed Unconditional Guarantees of payment of the two loans.

When Uptown failed to make payments on both loans, the Bank proceeded to notify Uptown of "events of default" of both loans via a January 18, 2019 letter. The Bank also sent letters dated January 18, 2019, to Turner and Cradeur, notifying them of Uptown's default and demanding that all guaranteed amounts be paid immediately.

On February 14, 2019, the Bank filed suit against Uptown ER, LLC, Turner, and Cradeur for breach of contract, and on September 19, 2019, the Bank added appellants as defendants to its suit. In their first amended answer, appellants asserted numerous affirmative defenses, including that the Bank "must first collect or reasonably exhaust collection efforts against the primary guarantors" of Uptown, Turner, and Cradeur, as well as offset of any amount paid on their obligations by any other party. In March 2021, appellants filed counterclaims against the Bank, as well as cross-claims against Uptown and Turner, for breach of contract, waste of collateral and accounting, fraud, negligent misrepresentation, and promissory estoppel.

On May 27, 2021, the Bank moved for summary judgment against appellants on their affirmative defenses to its breach-of-contract claim, including offset, and on their counterclaims. On July 13, 2021, the Bank moved for summary judgment against appellants on its breach-of-contract claim. In August 2021, the Bank entered into an agreed judgment with Uptown, in which the Bank was awarded judgment for the outstanding principal of both loans as well as outstanding interest, pre-judgment interest, and attorney's fees. That same month, the trial court granted summary judgment in favor of the Bank on appellants' affirmative defenses and counterclaims. On October 12, 2021, the trial court granted summary judgment in favor of the Bank on its claims against appellants, awarding the Bank the amounts guaranteed by each, as well as outstanding interest on the loans, per diem interest, post-judgment interest, and attorney's fees.

The Bank filed, and the trial court granted, motions to sever its judgments against Uptown and Turner from the remaining proceedings.[2] Subsequently, the Bank filed a second motion to sever, asserting the only remaining claims were cross-claims between defendants, which the trial court denied. At a later hearing in September 2022, the trial court sua sponte reconsidered its ruling on that motion and granted the motion and entered a September 16, 2022 final judgment in the severed

---

[2] The Bank sought summary judgment on its claims against all of the defendants, but in November 2020, the trial court granted summary judgment as to Turner and denied same as to appellants and other remaining defendants. Cradeur filed for bankruptcy and was nonsuited without prejudice from the case on April 7, 2020.

case, incorporating by reference the October 12, 2021 order granting summary judgment against appellants. Appellants filed a motion for new trial, which was overruled by operation of law. This appeal followed.

## JURISDICTION

In their first issue, appellants argue this Court should dismiss this appeal for want of jurisdiction because the September 16, 2022 judgment appealed from is not a final judgment as a matter of law.

Absent statutory authority, this Court has no jurisdiction to review an interlocutory ruling. *Masa Custom Homes, LLC v. Shahin*, 547 S.W.3d 332, 338 (Tex. App.—Dallas 2018, no pet.) (citing *Qwest Commc'ns Corp. v. AT&T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000)). There are two paths for an order to become a final judgment without a trial: the order can (1) dispose of all remaining parties and claims then before the court, regardless of its language; or (2) include unequivocal finality language that expressly disposes of all claims and parties. *Sealy Emergency Room, L.L.C. v. Free Standing Emergency Room Managers of Am., L.L.C.*, 685 S.W.3d 816, 820 (Tex. 2024) (citing *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001)). We have also recognized that, "[a]s a rule, the severance of an interlocutory judgment into a separate cause makes it final." *Id.* (quoting *Diversified Fin. Sys., Inc. v. Hill, Heard, O'Neal, Gilstrap & Goetz, P.C.*, 63 S.W.3d 795, 795 (Tex. 2001)).

The September 16, 2022 judgment concludes by stating, "This Final Judgment disposes of all claims and all parties in the Severed Case; it is final and appealable." Although no "magic language" is required, a trial court may express its intent to render a final judgment by describing its action as (1) final, (2) a disposition of all claims and parties, and (3) appealable. *Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020). Thus, by two separate measures, this judgment was intended to be final. *See id.*; *see also Sealy Emergency Room*, 685 S.W.3d at 820.

Appellants argue that the September 16, 2022 judgment is not final because it incorporates the prior, interlocutory summary judgment order, which provided:

> [T]he respective Kuo Defendants shall be given credit for any payments on the loans in question, outstanding interest on those loans, and attorneys' fees only to the extent any other person or entity makes payment on those items such that the amount owed to Plaintiff is reduced to an amount less than what the respective Kuo Defendants owe for each of those items under this judgment.

Appellants urge this language would leave any ministerial officer "unable to determine the amount of the judgment against any of the Kuo Appellants," such that the September 16, 2022 judgment and incorporated summary judgment order are indeterminate and interlocutory.

Indeed, "[a] final judgment must be definite and certain." *Int'l Sec. Life Ins. Co. v. Spray*, 468 S.W.2d 347, 350 (Tex. 1971); *see also Hinde*, 701 S.W.2d at 639. "A judgment must [also] be sufficiently definite and certain to define and protect the rights of all litigants, or it must provide a definite means of ascertaining such rights, to the end that ministerial officers can carry the judgment to execution without

ascertainment of facts not therein stated." *Hinde*, 701 S.W.2d at 639 (quoting *Steed v. State*, 183 S.W.2d 458, 460 (Tex. 1944)). A judgment may be definite and certain even if "the amount eventually to be collected by plaintiff from defendant remains uncertain." *See Hargrove v. Ins. Inv. Corp.*, 176 S.W.2d 744, 748 (Tex. 1944) ("All of the provisions last mentioned are for the purpose of carrying the judgment into effect and are incidental to the proper enforcement of the rights of the parties as determined by the judgment."); *see also Dallas Cnty. Cmty. Coll. Dist. v. Bolton*, 89 S.W.3d 707, 713 (Tex. App.—Dallas 2002), *rev'd on other grounds*, 185 S.W.3d 868 (Tex. 2005) ("The provision allowing Class counsel to recover their fees incurred in connection with post-judgment collection and distribution efforts does not render the judgment interlocutory."). "So long as the judgment of the court makes the figure which the clerk is to place in the writ of execution determinable by ministerial act, the judgment cannot be said to lack definiteness." *See Spray*, 468 S.W.2d at 350.

We conclude this case is one where the amount adjudged is certain even if "the amount eventually to be collected by plaintiff from defendant remains uncertain." *See Hargrove*, 176 S.W.2d at 748. The order granting summary judgment incorporated by reference in the September 16, 2022 judgment orders the

Bank to recover certain amounts from each appellant for the principal balance of each loan,[3] interest,[4] and attorney's fees,[5] both trial and appellate.

---

[3] In relevant part, the final judgment provides:

It is, therefore, ORDERED, ADJUDGED, and DECREED that Plaintiff Regions Bank have and recover of and fiom JLKUO, PLLC judgment for the amount of $360,931.23, representing $296,823.11 for 21% of the principal of the construction loan and $64,108.12 for 21% of the revolving loan. It is, further,

ORDERED, ADJUDGED, and DECREED that Plaintiff Regions Bank have and recover of and from Ja-Lynn Kuo judgment for the amount of $360,931.23, representing $296,823.11 for 21% of the principal of the construction loan and $64,108.12 for 21% of the revolving loan. It is, further,

ORDERED, ADJUDGED, and DECREED that Plaintiff Regions Bank have and recover of and from SM ER, PLC judgment for the amount of $889,437.67, representing $731,456.95 for 51.75% of the principal of the construction loan and $157,980.72 for 51.75% of the revolving loan. It is, further,

ORDERED, ADJUDGED, and DECREED that Plaintiff Regions Bank have and recover of and from Subho Mullick judgment for the amount of $889,437.67, representing $731,456.95 for 51.75% of the principal of the construction loan and $157,980.72 for 51.75% of the revolving loan. It is, further,

ORDERED, ADJUDGED, and DECREED that Plaintiff Regions Bank have and recover of and from SRG Consulting, LLC judgment for the amount of $425,383.23, representing $349,827.24 for 24.75% of the principal of the construction loan and $75,556.00 for 24.75% of the revolving loan. It is, further,

ORDERED, ADJUDGED, and DECREED that Plaintiff Regions Bank have and recover of and from Salima Thobani judgment for the amount of $425,383.23, representing $349,827.24 for 24.75% of the principal of the construction loan and $75,556.00 for 24.75% of the revolving loan. It is, further,

ORDERED, ADJUDGED, and DECREED Plaintiff Regions Bank have and recover of and from the Kuo Defendants, jointly and severally, judgment for the outstanding interest on the loans as of July 6, 2021, in the amount of $310,423.50, as well as per diem interest in the amount of $208.88 for the construction loan and $66.51 for the revolving loan from July 7, 2021 until the date this Judgment is entered. It is, further,

ORDERED, ADJUDGED, and DECREED that Plaintiff have and recover of and from the Kuo Defendants, jointly and severally, post-judgment interest on the unpaid amount of the Judgment at the Default Rate of 9.32% per annum, compounded annually, beginning on the day this Judgment is signed and entered and continuing until the Judgment is paid in full, released, or otherwise discharged.

[4] In relevant part, the final judgment provides:

It is, further, ORDERED, ADJUDGED, and DECREED that Plaintiff have and recover of and from the Kuo Defendants, jointly and severally, post-judgment interest on the unpaid amount of the Judgment at the Default Rate of 9.32% per annum, compounded annually,

We further conclude this case is unlike the authorities cited by appellants where no specific amount of damages or fees was awarded. *Cf. Chado v. PNL Blackacre, L.P.*, No. 05-04-00312-CV, 2005 WL 428824, at *1 (Tex. App.—Dallas Feb. 24, 2005, no pet.) (mem. op.) (where parties conceded impossibility of executing on attorney's fees portion because order did not specify amount of attorney's fees, we concluded "the trial court's judgment is not final because it does not dispose of all issues between the parties and lacks definiteness"); *In re Blankenhagen*, 513 S.W.3d 97, 101 (Tex. App.—Houston [14th Dist.] 2016, pet. dism'd) (concluding judgment not final where "[a]t most, this statement states a potential range of damages, not an award of damages in a certain amount.").[6]

Accordingly, we conclude the September 16, 2022 judgment is a final, appealable judgment. We overrule appellant's first issue.

---

beginning on the day this Judgment is signed and entered and continuing until the Judgment is paid in full, released, or otherwise discharged.

[5] In relevant part, the final judgments provides:

It is, further, ORDERED, ADJUDGED, and DECREED that Plaintiff have and recover of and from the Kuo Defendants, jointly and severally, reasonable and necessary attorneys' fees in the amount of $603,795.78, plus reasonable and necessary attorneys' fees in the amount of $30,000.00 in the event this case is appealed to the Court of Appeals, and $20,000.00 in the event a petition for review is filed with the Texas Supreme Court.

[6] Similarly, we distinguish this case from other opinions of this Court where the appealed judgment left attorney's fees amount to be determined or otherwise failed to specify an amount: *CryoUSA Imp. & Sales, LLC v. Revitalize360, LLC*, No. 05-20-01058-CV, 2022 WL 2037968, at *1 (Tex. App.—Dallas June 7, 2022, no pet.) (mem. op.); *Daniels v. SS Cottages LLC*, No. 05-21-00759-CV, 2022 WL 391509, at *1 (Tex. App.—Dallas Feb. 9, 2022, no pet.) (mem. op.). And, we distinguish this case from that where the judgment conditioned the awarded amount on what actions parties might take post-judgment. *Sanchez v. F&M Props.*, No. 05-23-00794-CV, 2023 WL 8862698, at *1 (Tex. App.—Dallas Dec. 22, 2023, no pet.) (mem. op.) (judgment "provided that in the event injunctive relief is either not sought or the request denied, a further hearing would be held to determine the amount of attorney's fees"); *Paxton v. Simmons*, 640 S.W.3d 588, 597 (Tex. App.—Dallas 2022, no pet.) (judgment conditioned on whether "intervention is filed in this case by those Defendants").

DISCUSSION

## I. Preservation of Issues

In their second and third issues, appellants urge the trial court erred granting summary judgment because the Bank did not prove it satisfied conditions precedent and failed to conclusively prove its damages. In their fourth issue, appellants challenge the sufficiency of the evidence to support the trial court's award of attorney's fees.

As an initial matter, we note that these three issues challenge sufficiency of the evidence to support the trial court's October 12, 2021 grant of summary judgment to the Bank, which was incorporated into the September 16, 2022 judgment. However, the appellate record is missing the exhibits to the Bank's July 13, 2021 motion for summary judgment. An appellant bears the burden to bring forward a record that enables the appellate court to determine whether appellant's complaints constitute reversible error. *See Palla v. Bio-One, Inc.*, 424 S.W.3d 722, 727 (Tex. App.—Dallas 2014, no pet.) (citing *Enter. Leasing Co. of Houston v. Barrios*, 156 S.W.3d 547, 549 (Tex. 2004) (per curiam); *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990); *Nicholson v. Fifth Third Bank*, 226 S.W.3d 581, 582 (Tex. App.—Houston [1st Dist.] 2007, no pet.)). Issues depending on the state of the evidence cannot be reviewed without a complete record. *See id.* (citing *Favaloro v. Comm'n for Lawyer Discipline*, 994 S.W.2d 815, 820 (Tex. App.—Dallas 1999, pet. stricken)). "If the pertinent summary judgment evidence

considered by the trial court is not included in the appellate record, an appellate court must presume that the omitted evidence supports the trial court's judgment." *Barrios*, 156 S.W.3d at 550 (citing *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 689 (Tex. 1990), and *Crown Life Ins. Co. v. Gonzalez*, 820 S.W.2d 121, 122 (Tex. 1991).

Thus, because the second, third, and fourth issues require review of a record not brought forward on appeal, we overrule such issues as not preserved for our review.[7] *See Barrios*, 156 S.W.3d at 549–50 (holding appellant bore burden to bring forward record of summary judgment evidence to provide appellate court with basis to review claim of harmful error) (citing *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 689 (Tex. 1990); *Escontrias v. Apodaca*, 629 S.W.2d 697, 699 (Tex. 1982)); *see also* TEX. R. APP. P. 34.5(a) (only the items listed in Rule 34.5(a) are included in the appellate record absent a request from one of the parties).[8]

---

[7] The clerk's record consists of one original and three supplemental volumes, totaling over 4,000 pages. In their briefs, the parties cite the exhibits attached to the August 27, 2020 motion for summary judgment, which was denied. The record contains no indication that those exhibits were the same as those supporting the July 13, 2021 motion or that the later motion incorporated by reference the exhibits supporting the earlier motion.

[8] Rule 34.5(a) requires the record include copies of the following:

(1) in civil cases, all pleadings on which the trial was held;

(2) in criminal cases, the indictment or information, any special plea or defense motion that was presented to the court and overruled, any written waiver, any written stipulation, and, in cases in which a plea of guilty or nolo contendere has been entered, any documents executed for the plea;

(3) the court's docket sheet;

(4) the court's charge and the jury's verdict, or the court's findings of fact and conclusions of law;

## II.     *Affirmative Defense of Offset*

In their fifth issue, appellants urge the trial court erred by granting summary judgment on appellants' affirmative defense of offset.

We review a grant of summary judgment de novo. *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015) (citing *State v. Ninety Thousand Two Hundred Thirty–Five Dollars & No Cents in U.S. Currency ($90,235)*, 390 S.W.3d 289, 292 (Tex. 2013)).  A party moving for traditional summary judgment has the burden to prove that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  *Id.* (citing TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009)).  "When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in

---

(5) the court's judgment or other order that is being appealed;

(6) any request for findings of fact and conclusions of law, any post-judgment motion, and the court's order on the motion;

(7) the notice of appeal;

(8) any formal bill of exception;

(9) any request for a reporter's record, including any statement of points or issues under Rule 34.6(c);

(10) any request for preparation of the clerk's record;

(11) in civil cases, a certified bill of costs, including the cost of preparing the clerk's record, showing credits for payments made;

(12) in criminal cases, the trial court's certification of the defendant's right of appeal under Rule 25.2;

(13) in civil cases, any supersedeas bond or certificate of cash deposit in lieu of a bond; and

(14) subject to (b), any filing that a party designates to have included in the record.

TEX. R. APP. P. 34.5(a).

the nonmovant's favor." *Id.* (quoting *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005)).

The right of offset, set-off, or reimbursement against damages is an affirmative defense. *See Tenet Health Sys. Hosps. Dallas, Inc. v. N. Tex. Hosp. Physicians Grp., P.A.*, 438 S.W.3d 190, 204 (Tex. App.—Dallas 2014, no pet.). Therefore, to be entitled to summary judgment, the Bank must have proven that there was no genuine issue of material fact as to whether appellants had the right to offset and that it was entitled to judgment as a matter of law on appellants' affirmative defense.

In its May 27, 2021 motion for summary judgment, the Bank argued appellants had waived, among others, the affirmative defense of offset, through the following language of the Unconditional Guarantees each appellant signed related to each of the construction and revolving loans.

> No setoff, counterclaim, reduction or diminution of any obligation, or any defense of any kind which Guarantor has or may have against Borrower or Lender shall be available hereunder to Guarantor.

> This is a continuing guaranty of payment, not a guaranty of collection . . . . If one or more additional guaranty agreements are executed by one or more additional guarantors ("Other Guarantors"), which guarantee the Obligations, it is specifically agreed that the liability hereunder of Guarantor or Other Guarantors shall be joint and several.

Appellants do not dispute the effect of broad waivers in the Unconditional Guarantees on their right to the affirmative defense of offset, but instead they urge, as they did in their response to the Bank's motion, that the DAMA included language

–14–

that modified the Bank's rights against all of the guarantors of the two loans. More particularly, appellants contend the following language in the DAMA entitles them to an offset.

> Lender agrees that the guarantees of Dr. John Turner and Dr. Ryan Cradeur (collectively, the "New Guarantees") given at Closing shall be the first to be enforced by Lender as all guarantees, meaning that, subject to the exceptions below, Lender will proceed with demand to enforce and actions to enforce the New Guarantees for a period of one hundred eighty (180) days, cumulatively measured from the initial on such New Guarantees, before making any renewed, post-Closing demands or undertaking enforcement actions on the Preexisting Guarantees, except that Lender proceed with immediate and enforcement against any particular Preexisting Guarantor on his, her or its Preexisting Guarantee if: [listing exceptions not at issue here].

Appellants interpret the foregoing language to require the Bank to enforce Turner's and Cradeur's guarantees before enforcing appellants' guarantees. They further urge that the intent of this portion of the DAMA "was to require Regions Bank to exhaust assets of Turner and Cradeur before taking an[y] action to enforce any pre-existing guarantees, such as [appellants']." Thus, conclude appellants, the DAMA modified appellants' guarantees and expressly provided for the defense of offset.

The Bank responds that the DAMA could not have modified the relationship between itself and appellants or revived appellants' defense of offset because appellants are neither parties to nor third-party beneficiaries of the DAMA. As a general rule, the benefits and burdens of a contract belong solely to the contracting parties, and "no person can sue upon a contract except he be a party to or in privity with it." *First Bank v. Brumitt*, 519 S.W.3d 95, 102 (Tex. 2017) (quoting *House v.*

*Hous. Waterworks Co.*, 31 S.W. 179, 179 (Tex. 1895)). An exception to this general rule permits a person who is not a party to the contract to sue for damages caused by its breach if the person qualifies as a third-party beneficiary. *Id.* (citing *MCI Telecomms. Corp. v. Tex. Utils. Elec. Corp.*, 995 S.W.2d 647, 651 (Tex. 1999)). A person seeking to establish third-party-beneficiary status must demonstrate that the contracting parties "intended to secure a benefit to that third party" and "entered into the contract directly for the third party's benefit." *Id.* (quoting *Stine v. Stewart*, 80 S.W.3d 586, 589 (Tex. 2002)). To create a third-party beneficiary, the contracting parties must have intended to grant the third party the right to be a "claimant" in the event of a breach. *Id.* (citing *Corpus Christi Bank & Tr. v. Smith*, 525 S.W.2d 501, 505 (Tex. 1975)).

To determine whether the contracting parties intended to directly benefit a third party and entered into the contract for that purpose, courts must look solely to the contract's language, construed as a whole. *Brumitt*, 519 S.W.3d at 102 (citing *Southland Royalty Co. v. Pan Am. Petroleum Corp.*, 378 S.W.2d 50, 53 (Tex. 1964); *Citizens Nat'l Bank in Abilene v. Tex. & P. Ry. Co.*, 150 S.W.2d 1003, 1006 (Tex. 1941)). The contract must include "a clear and unequivocal expression of the contracting parties' intent to directly benefit a third party," and any implied intent to create a third-party beneficiary is insufficient. *Id.* at 103 (quoting *Tawes v. Barnes*, 340 S.W.3d 419, 425 (Tex. 2011)) (citing *Stine*, 80 S.W.3d at 589; *MCI*, 995 S.W.2d at 651; *Citizens Nat'l Bank*, 150 S.W.2d at 1006). Courts may not presume the

necessary intent. *Id.* To the contrary, "we must begin with the presumption" that the parties contracted solely "for themselves," and only a clear expression of the intent to create a third-party beneficiary can overcome that presumption. *Id.* (quoting *Corpus Christi*, 525 S.W.2d at 503–04). If the contract's language leaves any doubt about the parties' intent, those "doubts must be resolved against conferring third-party beneficiary status." *Id.* (citing *Tawes*, 340 S.W.3d at 425). Although a contract may expressly provide that the parties do not intend to create a third-party beneficiary, the absence of such language is not determinative. *Id.* (citing MCI, 995 S.W.2d at 651–52). "Instead, the controlling factor is the absence of any sufficiently clear and unequivocal language demonstrating" the necessary intent. *Id.* (quoting *Tawes*, 340 S.W.3d at 428).

Having reviewed the DAMA and considered appellants' arguments that the quoted language above was intended to benefit appellants, we cannot conclude the DAMA contains any "sufficiently clear and unequivocal language demonstrating" any intent to create third-party beneficiaries of appellants. *Id.* At best the quoted language implies but does not actually state such an intent. Moreover, as both parties point out, the paragraph preceding the above quoted language provides that the Bank "is expressly not waiving but reserving all rights incident to any guarantees previously obtained." Therefore, construing the DAMA as a whole, the language that could potentially demonstrate any intent to create third-party beneficiaries of appellants is even less clear and even more equivocal. *See Brumitt*, 519 S.W.3d at

–17–

102 (citing *Southland Royalty Co. v. Pan Am. Petroleum Corp.*, 378 S.W.2d 50, 53 (Tex. 1964); *Citizens Nat'l Bank in Abilene v. Tex. & P. Ry. Co.*, 150 S.W.2d 1003, 1006 (Tex. 1941)).

Accordingly, we overrule appellants' fifth issue.

### WRIT OF MANDAMUS

In their petition for writ of mandamus, appellants urge the trial court abused its discretion by granting the Bank's motion to compel post-judgment discovery and for sanctions because the summary judgment made the basis of post-judgment discovery is not a final, appealable order. Appellants do not challenge the order's terms, only whether the trial court could compel answers to post-judgment discovery absent a final, appealable judgment.

Entitlement to mandamus relief requires a relator to show that the trial court clearly abused its discretion and that the relator lacks an adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). In light of our resolution of appellants' issue, in which we concluded the summary judgment made the basis of post-judgment discovery is a final, appealable order, we deny their petition for writ of mandamus.

## CONCLUSION

We affirm the trial court's September 16, 2022 judgment and deny appellants'

petition for writ of mandamus.


/Nancy Kennedy/
NANCY KENNEDY
JUSTICE


Molberg, J., concurring in judgment only, without opinion.


221325F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JA-LYNN KUO, JLKUO, PLLC,
SUBHO MULLICK, SM ER, PLC,
SALIMA AMIN THOBANI, AND
SRG CONSULTING, LLC,
Appellants

No. 05-22-01325-CV    V.

REGIONS BANK, Appellee

and

IN RE JA-LYNN KUO, JLKUO,
PLLC, SUBHO MULLICK, SM ER,
PLC, SALIMA AMIN THOBANI,
AND SRG CONSULTING, LLC,
Relators

On Appeal from the 192nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-22-12984.
Opinion delivered by Justice
Kennedy. Justices Molberg and
Nowell participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee REGIONS BANK recover its costs of this appeal from appellants JA-LYNN KUO, JLKUO, PLLC, SUBHO MULLICK, SM ER, PLC, SALIMA AMIN THOBANI, AND SRG CONSULTING, LLC.

Judgment entered this 8th day of July 2024.